James H. Power
Lissa Schaupp
HOLLAND & KNIGHT LLP
195 Broadway
New York, NY 10007-3189
(212) 513-3200

ATTORNEYS FOR PLAINTIFF
GLORY WEALTH SHIPPING PTE LTD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



---

GLORY WEALTH SHIPPING PTE LTD.,

        Plaintiff,

        -against-

INDUSTRIAL CARRIERS, INC.,

        Defendant.

---

08 Civ. _____

**VERIFIED**
**COMPLAINT**

Plaintiff, Glory Wealth Shipping Pte Ltd., ("Glory" or "Plaintiff"), by and through its attorneys, Holland & Knight LLP, for its verified complaint against Industrial Carriers, Inc. ("Industrial" or "Defendant"), alleges, upon information and belief, as follows:

    1.    This is a case of admiralty and maritime jurisdiction as hereinafter more fully appears and is a maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

    2.    At all times material herein, Glory is and was a business entity organized and existing under the laws of Singapore having an address at 9 Temasek Boulevard 07-00, Suntec City Tower 2, Singapore 038989, Singapore.

3.      At all times material herein, defendant Industrial is, and was, a foreign corporation or business entity organized and existing under the laws of the Marshall Islands and upon information and belief at all material times herein, maintained a principal place of business in Glyfada, Greece.

4.      On or about June 5, 2008, via fixture recap, Industrial time chartered from Glory the vessel M/V MINERAL CAPEASIA (the "Vessel") for a period of 12-13 months.

5.      Glory, as owner, and Industrial, as charterer, entered into a time charter agreement pursuant to the New York Produce Exchange Form with Rider Clauses (collectively the "Charter").

6.      Under the terms of the Charter, the daily charter hire rate required to be paid by Industrial to Glory was, and is, $183,000 per day payable 15 days in advance.

7.      Industrial failed to pay the 4th installment of hire which became due on 17 August 2008.

8.      Despite having been given proper notice and having been given additional days to pay the 4th installment of hire, Industrial has not made good on its obligation to pay.

9.      Industrial is in breach of the Charter by reason of Industrial's failure to pay hire. As a result of Industrial's breach, Glory has, at the time of filing this Verified Complaint incurred damages in the form of lost hire in an amount reasonably estimated to be $2,642,555.65 (excluding interest, costs and attorneys' fees).  A true and correct copy of the 4th Hire Statement reflecting the calculated amount due to owner Glory is attached hereto as Exhibit 1.

10.    The Charter is governed by English law, which routinely allows for costs, including a reasonable allowance for attorney's fees.  The Charter specifies London arbitration.

11.    Upon information and belief it will take two years to bring this dispute to conclusion, resulting in the following estimated interest and attorneys' fees and costs:

| | |
|---|---|
| Interest: | $276,528.28 (2 years at 5% annum compounded quarterly from August 21, 2008) |
| Arbitrator's fees | $ 50,000.00 |
| Attorneys' fees | $150,000.00 |
| Principal Claim: | $2,642,555.65 |

Total Damages Sought:    **$3,119,083.93**

12.    Defendant Industrial is not found within the Southern District of New York but does have assets, goods or chattels within the jurisdiction, to wit: funds or accounts held in the name of Industrial Carriers, Inc. with, upon information and belief, the following financial institutions:  Deutsche Bank Trust Company Americas; Bank of America, N.A.; The Bank of New York; Citibank, N.A.; HSBC Bank USA, N.A.; JPMorgan Chase Bank, N.A.; UBS AG; Wachovia Bank, N.A.; Société Générale; Standard Chartered Bank; BNP Paribas; Calyon Investment Bank; American Express Bank; Commerzbank; ABN Amro Bank; Bank Leumi USA; Banco Popular; China Trust Bank; Industrial Bank of Korea; Shin Han Bank; Nara Bank; or any other financial institution within the Southern District of New York.

13.    While all disputes arising out of the Charter are to be arbitrated in London, the action herein is submitted in accordance with Rule B of the Supplemental Rules of Certain

Admiralty and Maritime Claims of the Federal Rules of Civil Procedure as well 9 U.S.C. §8, is not and cannot be considered a waiver of the Charter's arbitration clause.

**WHEREFORE**, Glory Wealth Shipping Pte Ltd., prays:

1.     That a summons with process of attachment and garnishment may issue against the defendant, Industrial Carriers, Inc.; and if defendant cannot be found, then that its goods, chattels and credits within the district, and particularly all bank accounts and other property of Industrial Carriers, Inc. with the financial institutions noted above in paragraph 11, may be attached in an amount sufficient to answer plaintiff's claim;

2.     That defendant Industrial Carriers, Inc. and any other person claiming an interest therein may be cited to appear and answer the matters aforesaid;

3.     That judgment be entered in favor of Glory Wealth Shipping Pte Ltd. against Industrial Carriers, Inc. in the amount of US $3,119,083.93 (including estimated interest, expenses and attorneys' fees); and,

4.

That this Court grant Glory Wealth Shipping Pte Ltd. such other and further relief which it may deem just and proper.

Dated: New York, New York
       October 1, 2008

                              HOLLAND & KNIGHT LLP

                    By:       _James H. Power_____
                              James H. Power
                              Lissa D. Schaupp
                              195 Broadway
                              New York, NY 10007-3189
                              Tel:    (212) 513-3200
                              Fax:    (212) 385-9010

                              *Attorneys for Plaintiff*
                              *Glory Wealth Shipping Pte Ltd.*

## <u>VERIFICATION</u>

STATE OF NEW YORK            )
                             :ss.:
COUNTY OF NEW YORK           )

JAMES H. POWER, being duly sworn, deposes and says:

    I am senior counsel with the firm of Holland & Knight LLP, counsel for Glory Wealth Shipping Pte Ltd. ("Glory"), plaintiff in the foregoing action.  I have read the foregoing Verified Complaint and know the contents thereof, and the same are true and correct to the best of my knowledge.  I have reviewed documentation provided to me by Glory and corresponded with Glory's representatives regarding this matter.  I am authorized by Glory to make this verification, and the reason for my making it as opposed to an officer or director of Glory is that there are none within the jurisdiction of this Honorable Court.

MARGARET A. CANFIELD
Notary Public, State of New York
No. 01BA6035021
Qualified in New York County
Commission Expires December 20, 200_9_

_____
James H. Power

Sworn to before me this
1st day of October, 2008

_____
Notary Public

# 5639513_v1

# EXHIBIT 1



*Glory Wealth Shipping PTE Ltd*

# 富顺船务有限公司

**4TH HIRE**
17-Aug-08

| | | | | |
|---|---|---|---|---|
| VESSEL | **Mineral Capeasia** | | OWNERS | Glory Wealth |
| CP DATE | **5-Jun-08** | | CHARTERERS | ndustrial Carriers Inc |

| | | |
|---|---|---|
| Delivery | 8/15/2008 10:00 | GMT |
| To | 10/14/2008 10:00 | GMT |
| Total | 60.00000 | Days |

| | | |
|---|---|---|
| Duration | Min 29 May 2009 to Max 29 June 2009 | |
| Delivery | DLOSP CJK | |
| Redelivery | As per BTB Head CP | Proj No. |
| Remark | plus the actual duration of this dry docking | Pic        Capt Guo |

| No. | Particular | | | | | Debit | Credit |
|---|---|---|---|---|---|---|---|
| 1 | Hire | | US$183,000.00 | X | 60.00000 | Days | | US$10,980,000.00 |
| | Add com | | US$10,980,000.00 | X | 3.75% | | US$411,750.00 | |
| 2 | BOD | IFO | US$640.00 | X | 1545.630 | Mts | | US$989,203.20 |
| | | MDO | US$1,200.00 | X | 126.160 | Mts | | US$151,392.00 |
| | | LSFO | US$0.00 | X | 0.000 | Mts | | US$0.00 |
| 3 | BOR | IFO | US$640.00 | X | 0.000 | Mts | US$0.00 | |
| | | MDO | US$1,200.00 | X | 0.000 | Mts | US$0.00 | |
| | | LSFO | US$0.00 | X | 0.000 | Mts | US$0.00 | |
| 4 | C/E/V | | US$1,000.00 | X | 1.97260 | Mons | | US$1,972.60 |
| 5 | ILOHC / IHC | | | | | | | US$0.00 |
| 6 | Owners expenses | | | | | | US$0.00 | |
| 7 | Onhire survey | | US$350.00 | / | 2 | | US$175.00 | |
| | Offhire survey | | | | | | US$0.00 | |
| 8 | Off Hire | | | | | | US$0.00 | |
| 9 | Others if any | | | | | | US$0.00 | |
| 10 | Payment | | | | | 1 | US$3,782,975.85 | |
| | | | | | | 2 | US$2,642,555.65 | |
| | | | | | | 3 | US$2,642,555.65 | |
| | | | | | | 4 | | |
| | | | | | | 5 | | |
| | Sub-Total | | | | | | US$9,480,012.15 | US$12,122,567.80 |
| | Due to Owners | | | | | | **US$2,642,555.65** | |
| | Grand-Total | | | | | | US$12,122,567.80 | US$12,122,567.80 |