UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
GLORY WEALTH SHIPPING PTE LTD.,                    08 Civ. 8425 (RJH)


                          Plaintiff,


              -against-


INDUSTRIAL CARRIERS, INC., WEAVER
INVESTMENTS, INC., ITRO CORPORATION
a/k/a ITIRO CORPORATION, BLUE COAST
NAVIGATION SA, DIAMANT CO. LTD.,
SERGEY BARANSKY, and VLADIMIR TARASOV,


                          Defendants.
-----------------------------------------X




                    MEMORANDUM OF LAW
            IN SUPPORT OF ORDER TO SHOW CAUSE




Garth S. Wolfson

        Of Counsel




                    MAHONEY & KEANE, LLP
                  Attorneys for Defendants
            ITIRO CORPORATION and DIAMANT CO. LTD.
              11 Hanover Square, Tenth Floor
                 New York, New York 10005
                     (212) 385-1422

TABLE OF CONTENTS

*Page*

STATEMENT OF FACTS...................................................1

ARGUMENT............................................................2

PRELIMINARY STATEMENT...............................................2

POINT I.       THE  ATTACHMENT  SHOULD BE VACATED ON THE GROUND
               THAT  ITIRO AND DIAMANT SHOULD BE DEEMED TO HAVE
               BEEN PRESENT IN THIS DISTRICT WHEN THE COMPLAINT
               WAS FILED...........................................3

CONCLUSION..........................................................7

STATEMENT OF FACTS

Plaintiff caused an ex parte writ of maritime attachment to be issued to secure a claim plaintiff intends to bring in the London arbitration for $40,743,147.00, plus interest, fees, and costs, allegedly owed under plaintiff's charter party with defendant INDUSTRIAL CARRIERS INC. (ICI). (Complaints, Exhibit A – C to Wolfson Declaration).  Defendants ITIRO CORPORATION (ITIRO) s/h/a ITRO CORPORATION a/k/a ITIRO CORPORATION and DIAMANT CO. LTD (DIAMANT) are not signatories to the charter party or participants in the arbitration but are named as an alleged "alter-ego" of ICI.[1] Id.

Prior to the filing of the Complaint, ICI registered with the Department of State (DOS) to do business in New York and appointed a registered agent for service of process within the Southern District of New York. (DOS Entity Information, Exhibit D to Wolfson Declaration). Since ICI's apparent financial difficulties became known and Rule B actions against ICI began to be filed this month, at least five attachments against ICI have already been vacated on the ground that ICI is "found" in the District for the purposes of Rule B and thus not subject to maritime attachment.

---

[1] In the absence of an alleged alter-ego relationship with the contracting party, ICI, there would be no independent basis for holding ITIRO and/or DIAMANT responsible for ICI's purported debts. ITIRO and DIAMANT deny that they are, in fact, subject to corporate veil-piercing and liability as ICI's corporate alter-ego and reserve the right to contest as much. See, generally, Dolco Investments, Ltd. v. Moon river Development, Ltd., 486 F. Supp. 2d 261, 272 (S.D.N.Y. 2007). However, given the contracting party's clear presence in the District, the instant motion should dispose of the attachment on the law.

(Orders, Exhibit E to Wolfson Declaration). A couple of those decisions have also then specifically addressed the issue of alter-egos and declined to allow attachments of their property. Id.

ITIRO registered to do business in New York on October 16, 2008, (DOS Entity Information, Exhibit E to Wolfson Declaration), before the claim against ITIRO was first brought, by way of plaintiff's amended complaints dated October 20, 2008 and October 30 2008.[2] (Amended Complaints, Exhibits B-C to Wolfson Declaration). And DIAMANT registered on October 24, 2008. (DOS Entity Information, Exhibit F to Wolfson Declaration). As shown by their having filed with DOS, both ITIRO and DIAMANT consent to the personal jurisdiction of the Court for this and other matters.

ARGUMENT

PRELIMINARY STATEMENT.

After attaching property under Rule B, "plaintiff shall be required to show why the arrest or attachment should not be vacated or other relief granted consistent with these rules." Fed. R. Civ. P. E(4)(f). "The plaintiff has the burden of showing why the seizure should not be vacated." Fed. R. Civ. P. E advisory committee's note.

---

[2] Defendants are unaware of plaintiff's counsel having advised the Court of ITIRO's registration to do business here, as required before properly obtaining the order of attachment. See, generally, Centauri Shipping Ltd. v. Western Bulk Carriers KS,

To comply with constitutional due process, the hearing must be "prompt."  Id.  Accordingly, "[t]he adversary hearing following arrest or attachment or garnishment that is called for in supplemental Rule E(4)(f) shall be conducted within three (3) court days, unless otherwise ordered."  Local Admiralty Rule E.1.

ITIRO and DIAMANT respectfully submit that the papers which caused the writ of maritime attachment and garnishment in this case to be issued are deficient, and the order of attachment should be vacated, accordingly.

**POINT I.   THE ATTACHMENT SHOULD BE VACATED ON THE GROUND THAT ITIRO AND DIAMANT SHOULD BE DEEMED TO HAVE BEEN PRESENT IN THIS DISTRICT WHEN THE COMPLAINT WAS FILED.**

Maritime attachment and garnishment can not be sustained unless the plaintiff carries its burden of showing that the defendant can not be "found within the district."  Fed. R. Civ. P. Supp. R. B.

"[T]he requirement is said to present 'a two-pronged inquiry: First, whether (the respondent) can be found within the district in terms of jurisdiction, and second, if so, whether it can be found for service of process.'"  Seawind Compania, S.A. v. crescent Line, Inc., 320 F.2d 580, 582 (2d Cir. 1963) (quoting United States v. Cia Naviers, Continental S.A., 178 F. Supp. 561, 563 (S.D.N.Y. 1959)); see also, Parkroad Corp. v. China Worldwide Shipping Co., No. 05 Civ. 5085 (GBD), 2005 U.S. Dist. LEXIS 11122, 2005 A.M.C. 1839 (S.D.N.Y. Jun. 6, 2005) ("The defendant's presence in the district is to be determined as of the date the

---

528 F. Supp. 2d 197 (S.D.N.Y. 2007).

complaint is filed.").

"No matter how convincingly demonstrated the plaintiff's need for security, it will not authorize attachment against a defendant who is present in the district in both senses." Integrated Container Serv., Inc. v. Starlines Container Shipping, Ltd., 476 F. Supp. 119, 122 (S.D.N.Y. 1979); see also, Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd., 460 F.3d 434, 443-44 (2d Cir. 2006) ("In our view, this rule comports with the historical role of maritime attachments, and we see no support in the history of attachment caselaw for the less definite test imposed by the district court in this case.").

Magistrate Judge Gorenstein's decision in Erne Shipping Inc. v. HBC Hamburg Bulk Carriers GmbH, 409 F. Supp. 2d 427 (S.D.N.Y. 2006), represents the only known case upholding an attachment of property belonging to a defendant which had registered with the Department of State to do business in New York before the complaint was filed. The court in Erne noted that "there is ample New York case law stating that such filing is sufficient to subject a foreign corporation to general jurisdiction for any cause of action in New York State. Cases arising in the federal courts have noted the applicability of this doctrine as well." Id. at 436 (citations omitted) (compiling cases). However, Magistrate Judge Gorenstein nevertheless found the defendant's contacts with New York too insubstantial, so the defendant could still not be "found" in the District within the meaning of Rule B.

Id. at 436-37.[3]

Several courts have since addressed the issue and expressly rejected the reasoning of Erne. See, e.g., Marimed Shipping Inc. v. Persian Gulf Shipping Co., 567 F. Supp. 2d 524 (S.D.N.Y. 2008) (holding registration to do business in New York renders the defendant "found" in the district for Rule B purposes and vacating attachment) (citing Minmetals Shipping & Forwarding Co. v. HBC Hamburg Bulk Carriers GmbH & Co., No. 08 Civ. 3533 (RWS), 2008 U.S. Dist. LEXIS 48639, 2008 WL 2518709 (S.D.N.Y. Jun. 24, 2008); Carolina Shipping, Ltd. v. Renaissance Ins. Group., No. 08 Civ. 4711 (BSJ); Centauri Shipping Ltd. v. Western Bulk Carriers KS, 528 F. Supp. 2d 186, 2008 A.M.C. 43 (S.D.N.Y. 2007); Express Sea transp. Corp. v. Novel Commodities S.A., No. 06 Civ. 2404 (GEL) (S.D.N.Y. May 5, 2006)). Erne is, therefore, a "stand-alone" case and should plainly remain so.

And a finding that one "alter-ego" is subject to the personal jurisdiction of the Court, and thus found in this district within the meaning of Rule B, would dispose of all claims, including those against its other alleged alter-egos. Obviously, "if personal jurisdiction exists over an individual,

---

[3] This decision was informed by Magistrate Judge Gorenstein's observation that "a mere filing for authorization to do business provides no security to a plaintiff . . . at least actual presence makes it far more likely that assets might be located in the district to levy should the suit be successful." Id. at 438. But, of course, the Erne court's consideration of the "need" for security as a key factor otherwise guiding the analysis of whether to sustain a Rule B attachment was overruled by Aqua Stoli, which mentioned Erne among those cases which applied the erroneous standard. Aqua Stoli, 460 F.3d at 447 n.7.

personal jurisdiction exists also over his or her corporate alter ego." Securities and Exchange Comm'n v. Montle, 65 Fed. Appx. 749, 753-54, 2003 U.S. App. LEXIS 4612 (2d Cir. 2003) (summary order) ("Inasmuch as personal jurisdiction exists over Haryman, personal jurisdiction over his alter ego is proper as well."); Wm. Pasquala Builders, Inc. v. Resnick Developers S., Inc., 933 F.2d 131, 141 (2d Cir. 1991) ("[I]f the plaintiff in this case can prove the defendants are in fact the *alter ego* of Developers, defendants' jurisdictional objection evaporates because the previous judgment is then being enforced against entities who were, in essence, parties to the underlying dispute; the *alter egos* are treated as one entity.") (citing Dudley v. Smith, 504 F.2d 979, 982-83 (5th Cir. 1974)); Quebecor World (USA), Inc. v. Harsha Assoc's, L.L.C., 455 F. Supp. 2d 236, 244 (W.D.N.Y. 2006) ( "'If personal jurisdiction exists over the dominating entity, then it exists over its corporate alter egos.'") (quoting Miramax Film Corp. v. Abraham, No. 01 Civ. 5202, 2003 WL 22832384, *7, 2003 U.S. Dist. LEXIS 21346 (S.D.N.Y. Nov. 23, 2003)).

At the time the claims against them were first filed in the case at bar, both ICI and ITIRO were duly registered with the New York Department of State to do business in New York, with designated agents for service of process in this District. (Complaints, Exhibit A-C; Department of State Entity Information, Exhibits D-E to Wolfson Declaration). Indeed, Rule B attachments of ICI property have been repeatedly vacated whenever challenged on this basis, and at least two orders, in Primera Maritime

(Hellas) Ltd. v. Industrial Carriers Inc., No. 08 Civ. 8660 (PAC), and ADM Shipping Co. v. Industrial Carriers, Inc., No. 08 Civ. 8534 (GBD) (S.D.N.Y. October 20, 2008), also declined to extent the attachments to alleged alter-egos by way of amended complaint or otherwise.  (Orders, Exhibit E to Wolfson Declaration).

As it belongs to alleged corporate alter-egos of a contracting party which was clearly "found" in the District at the time the complaint was filed, ITIRO's and DIAMANT's property should not be subject to attachment under Rule B either.

CONCLUSION.

The Court is respectfully reminded that we are dealing with the ex parte seizure of a party's assets, and the complete disruption of its ability to do business, based on nothing more than unproven allegations.  See, generally, Great E. Shipping Co. v. Phoenix Shipping Corp., No. 07 Civ. 8373 (DLC), 2007 U.S. Dist. LEXIS 88911 (Dec. 4, 2007) ("[E]x parte proceedings, 'untrammeled by the safeguards of a public adversary judicial proceeding, afford too ready opportunities for unhappy consequences to prospective defendants.'") (quoting United States v. Minker, 350 U.S. 179, 188, 76 S. Ct. 281, 100 L. Ed. 185 (1956)).  Plaintiff's securing of the attachment at issue based only one disfavored magistrate judge's decision, which has been noted by subsequent courts to have run afoul of the Second Circuit's approach, should not be countenanced.

WHEREFORE, ITIRO and DIAMANT urge the Court to vacate the ex parte order of maritime attachment and garnishment and grant to ITIRO and DIAMANT such other and further relief as this Honorable Court may deem just and proper.

Dated:  New York, New York
        November 10, 2008

                                Respectfully submitted,

                                MAHONEY & KEANE, LLP
                                Attorneys for Defendants
                                ITIRO CORPORATION and DIAMANT
                                CO. LTD.

                     By:  _____
                                Garth S. Wolfson
                                11 Hanover Square, Tenth Floor
                                New York, New York 10005
                                (212) 385-1422