UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GLORY WEALTH SHIPPING PTE LTD.,

                        Plaintiff,

-against-                                    08 Civ. 8425

INDUSTRIAL CARRIERS, INC., WEAVER        **MEMORANDUM OPINION**
INVESTMENTS, INC., ITRO CORPORATION        **& ORDER**
a/k/a ITIRO CORPORATION, BLUE COAST
NAVIGATION SA, DIAMANT CO. LTD.,
SERGEY BARANSKY, and VLADIMIR
TARASOV

                        Defendants.

On November 6, 2008, this Court ordered the issuance of maritime attachment against all defendants in this matter except Industrial Carriers, Inc. ("ICI"), which the Court had earlier determined was present in this district. On November 10, 2008, at the request of defendants, this Court ordered that plaintiff Glory Wealth Shipping Pte Ltd. ("Glory Wealth") show cause as to why the attachment should not be vacated with respect to ITRO Corp. a/k/a ITIRO Corp. ("ITIRO") and Diamant Co. Ltd ("Diamant"). After hearing oral argument on November 13, 2008, the Court vacated the attachment with respect to ITRO Corp. a/k/a ITIRO Corp., but reserved judgment with respect to Diamant Co. Ltd. After further consideration, the Court vacates the attachment with respect to Diamant Co. Ltd. as well.

Courts must vacate a maritime attachment where the plaintiff fails to carry its burden of demonstrating that:

> 1) it has a valid prima facie admiralty claim against the defendant; 2) the defendant cannot be found within the district; 3) the defendant's property may be found within the district; and 4) there is no statutory or maritime law bar to the attachment.

*Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 445 (2d Cir. 2006). Only the second requirement is disputed by the parties in this case. "[T]he requirement is said to present 'a two-pronged inquiry: First, whether (the respondent) can be found within the district in terms of jurisdiction, and second, if so, whether it can be found for service of process.'" *Seawind Compania, S.A. v. Crescent Line, Inc.*, 320 F.2d 580, 582 (2d Cir. 1963) (quoting *United States v. Cia Naviers, Continental S.A.*, 178 F. Supp. 561, 563 (S.D.N.Y. 1959)). The parties agree that the Court should look to the day the complaint against the defendants was filed to determine whether this requirement has been satisfied. (November 13, 2008 Hearing Tr. at 9.)

With its original request for a maritime attachment against Diamant, counsel for Glory Wealth submitted an affidavit affirming that Diamant was not then registered with the New York Department of State as a foreign corporation, that it had not appointed an agent for service of process, and that it had no commercial ties to this district. Diamant has not come forward with any affidavits or other evidence contradicting these assertions. Ordinarily, this would be the end of the matter. Diamant, however, argues that because the Court has found ICI to be present in the district, and because Glory Wealth has alleged that Diamant is the alter ego of ICI, it necessarily follows that plaintiff has pled facts that would establish Diamant's presence in the district, thereby negating one of the predicates of an attachment. The Court agrees.

Where one defendant is subject to personal jurisdiction and service of process, its alter egos are subject to personal jurisdiction and may be served by serving it. *See Wm. Pasquala Builders, Inc. v. Resnick Dev. S., Inc.*, 933 F.2d 131, 142-43 (2d Cir. 1991). The corollary to this rule is that if one defendant is present in the district for the purposes of issuing a maritime attachment, its alter egos are present as well. To the extent Glory Wealth is arguing that alter egos cannot be served by serving the primary defendant, it is incorrect. *King v. Galluzo Equipment & Excavating, Inc.*, No 00 Civ. 6247 (ILG), 2001 WL 1402996, at *6 (E.D.N.Y. Nov. 8, 2001) ("In New York, the law is clear that service on the alter ego of a corporation constitutes effective service on the corporation.").

The issue remains, however, of what consequence this legal rule has where, as here, alter ego status is merely alleged and not proven. For obvious reasons, Diamant does not wish to concede alter ego status, and the parties have not produced sufficient evidence to sustain such a factual conclusion. The question thus becomes who has the *burden* of demonstrating that Diamant is an alter ego of ICI. Supplemental Rule E of the Federal Rules of Civil Procedure puts the burden on Glory Wealth to demonstrate that Diamant is not present in the district. Fed. R. Civ. P. Supp. E(4)(f) & advisory note. Ordinarily, this is done by submitting an affidavit declaring that the defendant is not registered as a foreign corporation and has no commercial ties to, or offices and agents in, the district. Glory Wealth submitted such an affidavit with its application for a maritime attachment and appears to take the position that doing so satisfies its burden. Given that the Court has held that ICI is present in the district, however, this submission is simply not sufficient. Because alter egos of a defendant

3

present in the district are present in the district, Glory Wealth can satisfy its burden only if it concedes that its alter ego allegation is baseless. Glory Wealth could make this concession is the alternative, but either way it loses. If Diamant is an alter ego, it is found in the district; if Diamant is not an alter ego, there is no valid prima facie maritime claim to support an attachment. *See Aqua Stoli Shipping Ltd.*, 460 F.3d at 445.

Glory Wealth attempts to resist this conclusion by arguing that Diamant should bear the burden of proving alter ego status because it is relying on such status in its motion to vacate. (Pl. Br. at 5-7.) The case relied on by Glory Wealth, *Cannon Mfg. Co. v. Cudahy Packing Co.*, 267 U.S. 333 (1925), is not a maritime case, however, and considers only the situation where plaintiff has the burden of proving jurisdiction. Glory Wealth offers no reason why the burden should shift in the case at bar, and therefore its argument fails.

Accordingly, Diamant's motion to vacate the attachment against it in this matter is GRANTED. The Court notes that this holding does not include a finding that Diamant is an alter ego, and Diamant is still free to advance this defense in the future. Owing to its representations at oral argument, Diamant is likely estopped from denying that this Court has personal jurisdiction over it, but that issue is not before the Court.

SO ORDERED.

Dated: New York, New York
       December 16, 2008

_____
Richard J. Holwell
United States District Judge